IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS SCHORGL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1001-CV-W-DW |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Thomas Schorgl seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability benefits. Judicial review is now appropriate. See 42 U.S.C. § 401 et seq.

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I.    Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an

1

administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II.     Analysis

Plaintiff argues that (1) the ALJ did not properly evaluate the credibility of Plaintiff's subjective complaints; (2) the ALJ did not properly determine Plaintiff's residual functional capacity; (3) the ALJ did not properly evaluate Plaintiff's impairments in combination and (4) the ALJ did not properly determine that Plaintiff could perform "other" work.

Plaintiff argues that the ALJ erred in evaluating his subjective complaints. The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by a six factor test in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[1] If an ALJ discredits a claimant's testimony and gives good reasons for doing so, the court normally defers to the ALJ's credibility determination. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991). The Court finds that the ALJ did not err in finding Plaintiff's allegations of pain only partially credible and gave good reasons for so deciding. The ALJ noted Plaintiff's poor work record and daily activities as well as the fact that although Plaintiff suffered a serious injury in June 2002, he rapidly improved and required no treatment after December 2002. See Ellis v. Barnhart, 392 F.3d 988, 996 (8th Cir. 2005); Johnson v.

---

[1] In Polaski, the Eighth Circuit set forth factors the Commissioner must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322. The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

Chater, 87 F.3d 1015, 1018 (8th Cir. 1996). Such minimal or conservative treatment may weigh against claims of disability. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). See Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000) (the ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole).

Second, Plaintiff argues that the ALJ did not properly assess his residual functional capacity (RFC). An individual's RFC is the most an individual can do despite the combined effect of all their credible limitations. See 20 C.F.R. §§ 404.1545, 416.945 (2005). The ALJ must determine an applicant's RFC based on all the evidence, including medical record, observations of treating physicians and others, and the claimant's own description of his limitations. Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

The Court finds that the ALJ properly considered all the medical evidence and properly determined Plaintiff's RFC. The ALJ noted Dr. Brahms's report and his testimony that Plaintiff could be expected to perform "medium" exertional type work. He also relied on the examination of Dr. Pryor, a consulting doctor, as well as the treating physician of record, Dr. Strong. The Court finds that the RFC is supported by evidence as a whole.

Plaintiff also argues that the ALJ, having improperly assessed Plaintiff's RFC, failed to consider whether Plaintiff could sustain employment. Ss discussed above, the Court finds that RFC, as determined by the ALJ, was supported by the substantial evidence of record.

Plaintiff next argues that the ALJ did not consider the combined effect of his impairments. The record reveals that the ALJ specifically considered several severe and non-severe impairments. The ALJ noted that the record did not establish that Plaintiff had an impairment *or combination thereof* that met or equaled any listing. The ALJ then proceeded to evaluate the credibility of Plaintiff's complaints. Accordingly, the court finds that the ALJ properly assessed Plaintiff's impairments in combination. See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

Lastly, Plaintiff argues that the ALJ's hypothetical to the vocation expert was defective. Specifically, Plaintiff argues that the hypothetical question given to the vocational expert was incomplete in that it did not entail all of the Plaintiff's impairments. The question was credible as it set forth impairments supported by substantial evidence in the record and as accepted by the ALJ. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question posed included only the limitations the ALJ found credible, and excluded those the ALJ discredited for a legally sufficient reason, the Court finds the Commissioner satisfied his burden of showing that Plaintiff could perform other work.

III.     Relief Ordered

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:     March 28, 2006

4

Case 4:04-cv-01001-DW   Document 14   Filed 03/28/06   Page 4 of 4